UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

KRISTOPHER DEWITT MITCHELL,

        Plaintiff,

        v.                                                                      Case No. 22-cv-1461-bhl

PETER SHIMEK, et al.,

        Defendants.
_____

## SCREENING ORDER
_____

Plaintiff Kristopher Dewitt Mitchell, who is currently serving a state prison sentence at the Oakhill Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Mitchell's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Mitchell has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Mitchell has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.00. The Court will grant Mitchell's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Mitchell was an inmate at the Oregon Correctional Center (OCC), a Wisconsin correctional institution that offers work release programs for inmates in its minimum security unit. Dkt. No. 1 at 1-3. On August 6, 2021, Correctional Officer Peter Shimek and

2

Case 2:22-cv-01461-BHL   Filed 04/03/23   Page 2 of 7   Document 9

Captain Jonathan Bussie told Mitchell that he was accused of harassing and threatening a female employee that he worked with at the Madison Kipp Corporation. *Id*. At that time, Mitchell's scheduled shifts were immediately cancelled pending further investigation. *Id*. at 3. Later that day, Shimek and Bussie told Mitchell that they received follow-up information about the accusation, and as a result, he was being transferred to Oakhill Correctional Institution (another minimum security institution) for placement in Temporary Lockup. *Id*. at 3-4. Shimek, Bussie, and Sgt. Kohlhoff strip-searched Mitchell before sending him to Oakhill. *Id*. at 4. Mitchell says that, once he arrived at Oakhill, he was strip-searched again. *Id*.

Two weeks later, on August 17, 2021, Shimek gave Mitchell a "major ticket" for stalking (§DOC 303.19), disobeying orders (§DOC 303.28), disruptive conduct (§DOC 303.33), and inadequate work performance (§DOC 303.63). *Id*. Captain Kevin Kaczmarek found Mitchell guilty on three out of four counts on August 26, 2021 and imposed 30 days disciplinary segregation, along with continued housing at Oakhill. *Id*. Mitchell appealed the ticket to Warden Clinton F. Bryant and Warden Quala K. Champagne and both affirmed the decision. *Id*. Mitchell continued to appeal through the proper channels, and on March 18, 2022, Superintendent Tejuana L. King dismissed the entire ticket based on procedural errors. *Id*. Mitchell seeks monetary damages based on "time spent in segregation, cruel and unusual punishment, public humiliation, mental distress, and depression." *Id.* at 5.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a claim under the Fourteenth Amendment, Mitchell must allege that the state deprived him of a liberty or property interest without due process of law. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)). A prisoner has no protected liberty or property interest in receiving or retaining work assignments. *Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991) (en banc); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *Smith v. McCaughtry*, No. 09-C-0404, 2010 WL 697183, at *1 (E.D. Wis. Feb. 25, 2010). A prisoner may have a liberty interest in avoiding disciplinary segregation or avoiding transfer to another institution, but he must allege conditions that constitute an "atypical and significant hardship." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). If conditions are "significantly harsher than those in the normal prison environment," then a liberty interest may arise. *Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009).

Mitchell does not describe the conditions of his confinement while in disciplinary segregation or at the Oakhill Correctional Institution; therefore, he fails to trigger a liberty interest in connection with the "major ticket" he allegedly received without due process. That issue aside, 30 days in disciplinary segregation usually would not constitute an atypical and significant hardship anyway. *See Marion,* 559 F.3d at 698 ("six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights."). And transfer from one minimum security institution to another minimum security institution, on its face, also would not constitute an atypical and significant hardship. *See e.g. Holleman v. Zatecky*, 951 F.3d 873, 880-82 (7th Cir. 2020)(noting that transfer from one institution to another institution of the same classification "does not by itself make the transfer adverse."). Therefore, based on the allegations in the original complaint, Mitchell fails to state a claim for relief under the Fourteenth Amendment.

Mitchell states that it was "cruel and unusual punishment" to lose his job and endure transfer to another institution, but neither of these circumstances deprived him of the minimal civilized measure of life's necessities as is required to state a claim under the Eighth Amendment.

4

*See Meisberger v. Cotton,* 181 F. App'x 599, 600–01 (7th Cir. 2006) ("[Plaintiff] next argues that his transfer, loss of college funds, opportunity to go to college, and get a job violated the Eighth Amendment. But none of these occurrences deprived [him] of the "minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, medical care, or safety.") Therefore, Mitchell also fails to state a claim under the Eighth Amendment and the Court will dismiss the original complaint.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Mitchell an opportunity to file an amended complaint to cure the deficiencies described above. Specifically, the amended complaint should explain: (1) whether the conditions of his confinement in disciplinary segregation or at the Oakhill Correctional Institution imposed "an atypical and significant hardship" sufficient to trigger a liberty interest under the Fourteenth Amendment; and (2) what facts or circumstances support that allegation.

The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Mitchell to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Mitchell believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

Mitchell is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in

5

the amended pleading." *Id.* at 1057 (citation omitted). If Mitchell files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Mitchell does not file an amended complaint, the Court will likely dismiss this case. Mitchell can also voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g).

## Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Plaintiff may file an amended complaint that complies with the instructions in this order on or before May 3, 2023. If Plaintiff files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will likely dismiss this case. Plaintiff can also voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$340.00** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
